UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

ROBIN ANDERSON,

               Plaintiff,                  **COMPLAINT**

   v.                             Civil Action No. 2:18-cv-0

WILLIAM SCHIEFFER,           [Trial By Jury Demanded]
ADAM WALL,
CITY OF GLENDALE,
And
JOHN DOES ONE THROUGH TEN,

               Defendants.

_____

## COMPLAINT AND JURY DEMAND
_____

    NOW COMES Plaintiff Robin Anderson and as for her claims for relief against the above-named Defendants, alleges and shows the Court as follows:

### INTRODUCTION

    1.    This action is brought to redress the unlawful and egregious misconduct of defendants in violently stopping and arresting Plaintiff Robin Anderson because she is an African-American, without reasonable suspicion or probable cause in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the U.S. Constitution.

### JURISDICTION AND VENUE

    2.    This Court has jurisdiction over the claims under federal law in this complaint under 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

3. This Court has supplemental jurisdiction over the claims under Wisconsin state law under 28 U.S.C. § 1367(a).

4. Venue is proper before this Court under 28 U.S.C. § 1391(b)(2).

## THE PARTIES

5. Plaintiff Robin Anderson ("Anderson") is an African-American woman residing and domiciled in the City and County of Milwaukee, Wisconsin.

6. Defendant William Schieffer ("Officer Schieffer") is a white man and police officer employed by the City of Glendale, Wisconsin.

7. Defendant Adam Wall ("Detective Wall") is a white man and police officer employed by the City of Glendale, Wisconsin.

8. Defendant City of Glendale ("Glendale") is a municipal entity in the State of Wisconsin. Acting through its police department, Glendale is responsible for the training, supervision and discipline of police officers; adopting, implementing and enforcing policies and practices; and ensuring that the treatment of citizens complies with the United States Constitution and other federal, state and local laws. Glendale is liable for the harm alleged herein, and pursuant to Wis. Stat. § 895.46(1)(a), Glendale is required to pay or indemnify all judgments, including compensatory and punitive damages, attorney's fees and costs that may be awarded against its officials, employees and agents.

9. John Does One through Ten are other Glendale police officers who knew the same facts as Officer Schieffer and Detective Wall and allowed and participated in the unlawful acts alleged in this complaint. John Does One

2

through Ten also failed to intervene and stop Officer Schieffer, Detective Wall and other officers from engaging in the unlawful action alleged in this complaint.

## FACTS

### FACTS KNOWN BY GLENDALE OFFICERS

10. Detective Wall and Officer Schieffer knew that thefts at cell phone stores occurred in Milwaukee, Brookfield, Mequon and Wauwatosa—although not in Glendale.

11. Detective Wall and Officer Schieffer knew the alleged thieves were four African-American men and that they traveled in a black Hyundai Elantra.

12. Detective Wall and Officer Schieffer also knew that the license plate of the black Hyundai Elantra was "388-XCT" or "324-ZTH."

13. Anderson was parked in front of a U.S. Cellular store located at 5670 North Port Washington Road in Glendale on December 20, 2017, at 10:50 a.m.

14. Below is a true and correct representation of the store front.

3



15. Significantly, Anderson's car was legally paralleled parked with cars in front and behind her.

16. Detective Wall and Officer Schieffer knew that Anderson did not match the description of the alleged four thieves, as she is an African-American woman and was alone.

17. Detective Wall and Officer Schieffer knew that Anderson's car did not match the description of the alleged thieves' car, as Anderson's car is a black 2008 Hyundai Sonata with the license plate 388-ZRG.

18. Detective Wall and Officer Schieffer also knew that there were no similar thefts within Glendale.

19. The facts Detective Wall and Officer Schieffer knew could not possibly give rise to any inference supporting a reasonable suspicion of criminal activity on the part of Anderson.

4

### THE UNLAWFUL AND VIOLENT STOP OF ANDERSON

20.     Despite knowing that Anderson and her car did not match the description of the alleged thieves in other jurisdictions and no similar thefts had even taken place within their jurisdiction, Detective Wall and Officer Schieffer decided to stop Anderson.

21.     Officer Schieffer chose to stop Anderson by slamming his squad car into the driver-side of Anderson's car causing injury to Anderson and damage to her car.

22.     Officer Schieffer jumped out of his squad car, took out a gun and ran to the passenger-side of Anderson's car.

23.     Officer Schieffer then took out a baton and smashed the passenger-side window of Anderson's car.  Officer Schieffer also damaged the passenger-side door.

24.     Officer Schieffer pointed a gun at Anderson and ordered her to exit her car over broken glass through the passenger-side of her car.  Officer Schieffer then grabbed Anderson.

25.     Detective Wall, who had exited from a separate squad car, took out a gun and pointed it at Anderson.

26.     Multiple other officers, John Does One through Ten, arrived shortly thereafter also took out guns and unlawfully pointed them at Anderson.

### THE UNLAWFUL FRISK, ARREST AND SEARCH OF ANDERSON AND HER CAR

27.     Anderson was unarmed.

28. Officer Schieffer knew Anderson was unarmed because he was looking at her and was able to see into the car.

29. Detective Wall, who had driven past Anderson before Officer Schieffer slammed his squad car into Anderson, had no reason to believe that Anderson was armed.

30. Despite knowing that Anderson is a woman; was alone; had a different model car with a different license plate; and was neither armed nor dangerous: Detective Wall and Officer Schieffer decided to frisk, arrest, and search Anderson and her car.

31. Detective Wall and Officer Schieffer handcuffed Anderson, patted her down and then performed a search of her person before putting her in the back of Detective Wall's squad car. Other officers unlawfully searched Anderson's car incident-to-her-arrest.

32. The only thing Anderson had in common with the alleged thieves is that she is also an African-American. Had Anderson been white this would not have happened.

33. At the time of the events complained of herein, Anderson had a clearly established constitutional right under the Fourth Amendment to be secure in her person against unreasonable seizures.

34. Any reasonable law enforcement officer knew or should have known of this clearly established right.

35. Officer Schieffer and Detective Wall intentionally, knowingly and recklessly seized Anderson without any reasonable suspicion or probable cause.

36. Officer Schieffer and Detective Wall did not at any time have probable cause, reasonable suspicion or any other legally valid basis to believe that Anderson had committed or was committing any violation of law.

37. There was no warrant authorizing the seizure of Anderson. No legally recognizable exigent circumstances existed that would have justified or permitted Officer Schieffer's and Detective Wall's conduct.

38. Officer Schieffer's and Detective Wall's actions were objectively unreasonable in light of the circumstances confronting them.

39. Officer Schieffer's and Detective Wall's actions were undertaken intentionally, maliciously, willfully, wantonly and/or in reckless disregard of Anderson's federally protected rights.

40. As a direct result of Officer Schieffer's and Detective Wall's unlawful seizure, Anderson sustained damages, including, among others, experiencing unnecessary and physical pain and severe emotional pain, distress, suffering, loss of enjoyment of life, property damage, and continues to be damaged as alleged herein.

41. The unlawful acts and omissions of each defendant were the legal and proximate cause of Anderson's damages.

42. At all times relevant to the claims in this complaint, Detective Wall and Officer Schieffer were acting under color law and within the scope of their employment as law enforcement officers for Glendale.

## FIRST CLAIM FOR RELIEF
### Violations of Fourth Amendment
### Against Officer Schieffer

43. Anderson incorporates here all other paragraphs alleged in this complaint.

44. Officer Schieffer used excessive force against Anderson when he drove his squad car into the driver-side of Anderson's car.

45. Officer Schieffer used excessive force against Anderson when he smashed the passenger-side window and door of Anderson's car with a baton.

46. Officer Schieffer used excessive force against Anderson when he pointed a gun at her.

47. Officer Schieffer used excessive force against Anderson when he made her exit her car over broken glass.

48. Officer Schieffer unlawfully stopped Anderson and did so knowing that he lacked reasonable suspicion.

49. Officer Schieffer unlawfully frisked Anderson and did so knowing that Anderson was neither armed nor dangerous.

50. Officer Schieffer unlawfully arrested Anderson and did so knowing that he lacked probable cause.

8

51.    As a result of Officer Schieffer's unlawful conduct, Anderson sustained damages, including, among others, experiencing unnecessary and physical pain and severe emotional pain, distress, suffering, loss of enjoyment of life, property damage, and continues to be damaged as alleged herein.

## SECOND CLAIM FOR RELIEF
### Violations of Fourth Amendment
### Against Detective Wall

52.    Anderson incorporates here all other paragraphs alleged in this complaint.

53.    Detective Wall used excessive force against Anderson when he pointed a gun at her.

54.    Detective Wall unlawfully stopped Anderson and did so knowing that he lacked reasonable suspicion.

55.    Detective Wall unlawfully frisked Anderson and did so knowing that Anderson was neither armed nor dangerous.

56.    Detective Wall unlawfully arrested Anderson and did so knowing that he lacked probable cause.

57.    Detective Wall's unlawful conduct caused multiple other officers to unlawfully point guns at Anderson.

58.    Detective Wall's unlawful conduct caused multiple other officers to unlawfully search Anderson's car.

59.    As a result of Detective Wall's unlawful conduct, Anderson sustained damages, including, among others, experiencing unnecessary and

physical pain and severe emotional pain, distress, suffering, loss of enjoyment of life, property damage, and continues to be damaged as alleged herein.

### THIRD CLAIM FOR RELIEF
**Violations of Fourteenth Amendment**
**Against Officer Schieffer and Detective Wall**

60.     Anderson incorporates here all other paragraphs alleged in this complaint.

61.     At the time of the events complained of herein, Anderson had the clearly established constitutional right to enjoy equal protection of the laws and to be free from police officers' discrimination based on her race.

62.     Anderson also had the clearly established constitutional right to enjoy the equal protection of the laws and to be free from intentional discrimination in the form of arbitrary and irrational treatment that differs from the treatment of similarly situated individuals.

63.     Any reasonable law enforcement officer knew or should have known of these clearly established rights.

64.     Anderson's race was a motivating factor in Officer Schieffer's and Detective Wall's decision to target Anderson.

65.     Officer Schieffer's and Detective Wall's conduct was undertaken with the purpose of, and had the effect of, depriving Anderson of the equal protection and benefits of the law and equal privileges and immunities under the law.

66.     Officer Schieffer and Detective Wall treated Anderson less favorably than her similarly situated non-African-American counterparts.

67.     Officer Schieffer's and Detective Wall's actions were objectively unreasonable in light of the facts and circumstances confronting them.

68.     There was no rational basis for Officer Schieffer's and Detective Wall's discriminatory action, let alone a purpose narrowly tailored to serve a compelling governmental interest.

69.     Officer Schieffer and Detective Wall intentionally, willfully, and wantonly targeted Anderson because of her identity and they unlawfully treated her less favorably than individuals who were similarly situated in every material respect.

70.     Officer Schieffer's and Detective Wall's differential treatment was wholly arbitrary and irrational and unconstitutional.

71.     As a result of Officer Schieffer's and Detective Wall's unlawful conduct, Anderson sustained damages, including, among others, experiencing unnecessary and physical pain and severe emotional pain, distress, suffering, loss of enjoyment of life, property damage, and continues to be damaged as alleged herein.

## RELIEF REQUESTED

WHEREFORE, Anderson respectfully requests judgment in her favor and against Defendants, jointly and severally, awarding Anderson:

A.     Compensatory damages in an amount to be determined by a jury.

B.    Punitive damages in an amount to be determined by a jury.

C.    Reasonable costs and expenses, without limitation to attorneys and experts' fees under 42 U.S.C. §§ 1988(b) and (c).

D.    An order awarding such other and further relief as this Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Anderson hereby demands a trial by jury pursuant to Fed.R.Civ.P. 38(b) and the Seventh Amendment to the United States Constitution.

Dated at the law offices of GINGRAS CATES & WACHS LLP, in Waukesha, Wisconsin, on this 15th day of October, 2018.

Respectfully Submitted,
GINGRAS CATES & WACHS LLP

/s/ Mark L. Thomsen
Mark L. Thomsen

/s/ William F. Sulton
William F. Sulton

Suite 210
3228 Turnberry Oak Drive
Waukesha, WI  53188
Phone: 414-778-0700
Fax: 414-778-1770
mthomsen@gcwlawyers.com
wsulton@gcwlawyers.com